**Walter L. FLOYD, et al., Appellants,**

**v.**

**Charles M. SHAW, et al., Respondents.**

**No. 61128.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 2, 1992.

Alan J. Agathen, Clayton, for appellants.

Joseph Howlett, Clayton, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

This is an action by one firm of attorneys against another, seeking to enforce an al-

leged agreement for the division of fees for prosecuting a wrongful death case, in which the plaintiffs represented the decedent's mother and the defendants her husband. The circuit court sustained the defendants' motion to dismiss, concluding that the decision of the Circuit Court of the City of St. Louis apportioning the recovery and directing payment of contractual fees pursuant to § 537.095, RSMo 1986 barred the plaintiffs' claim as res judicata. We conclude that the motion to dismiss was improvidently sustained and reverse and remand for further proceedings.

The plaintiffs' petition alleges that the plaintiff attorneys and the defendant attorneys represented claimants in a wrongful death action, with each set of attorneys having a contingent fee agreement with their respective clients, that the attorneys agreed among themselves that each group would be entitled to share equally in the fees which might become due the other group under their respective contracts; and that expenses of litigation were to be borne by the parties in proportion to their recovery. The case was then settled for $195,000, out of which the trial court awarded the husband, represented by defendants, 90%, or $175,500, yielding a contractual fee of $58,500, of which the plaintiffs claim a share. The petition also claims that the defendants are obliged to pay 90% of the expenses advanced by the plaintiffs, amounting to $18,729.73. The total prayer is for $43,555.17.

The defendants filed a motion to dismiss on grounds of (1) res judicata, arguing that the issue of division of fees could and should have been raised in the allocation hearing under § 537.095.4 and, (2), illegality of the alleged contract, because the petition did not state that it had been entered into with the consent of the client. The trial court sustained the motion, solely on the ground of res judicata.

The plaintiffs allege that the motion to dismiss was really a motion for summary judgment, in that it referred to matters outside the petition. It is pointed out that the documents the defendants adduced from the Circuit Court of the City of St. Louis are not verified or certified, as is required for a motion for summary judgment. The point is troubling. The concept of judicial notice has not been explicitly extended so that one circuit court may take judicial notice of proceedings and records of another circuit. *Pogue v. Associated Electric Coop, Inc.*, 760 S.W.2d 169 (Mo. App.1988). But the alleged records are consistent with the plaintiffs' petition and with the opinion in the mother's appeal from the allocation under *Bragg v. Missouri Pacific R.R.*, 791 S.W.2d 776 (Mo. App.1990), and so we elect to rule on the merits of the motion.

The problem with the trial court's ruling is that the attorneys were not parties to the underlying litigation. Res judicata bars only claims by parties and privies. Attorneys claiming a portion of a party's fee have not previously been held to be in privity with their clients. The concept of privity for purposes of res judicata connotes interests so closely related that the party sought to be barred may be said to have had a day in court. The interest of an attorney with regard to a fee claim is not of this character. *See Apperson v. Bi-State Dev. Agency*, 685 S.W.2d 594 (Mo. App.1956). Section 537.095(4) allows the trial court "[t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted...." The contract referred to is patently the contract between the attorneys and the client. There is no explicit authority in the statute for the adjudication of disputes among the several attorneys, even though there might be efficiency in settling all controverted matters in a single proceeding. We do not say that the controversy between the plaintiffs and the defendants could not have been disposed of in the allocation hearing. We express no opinion on this point. It suffices for present purposes to say that there is no express requirement that the dispute among attorneys be adjudicated there. Although the parties are obliged to present all the claims they may have arising out of the transactions sued upon, this requirement does not extend to collateral claims

by non-parties. The dismissal cannot be justified on the ground of res judicata.

 The defendants argue further that the motion was properly sustained because the petition does not say that the alleged agreement among the attorneys was entered into with the knowledge and consent of their clients, and therefore demonstrates a conflict of interest within the prohibitions of Rules 1.5 and 1.8 of the Rules of Professional Conduct embodied in Rule 4 of the Supreme Court of Missouri. We of course are entitled to affirm a judgment if it is legally correct, even though we do not agree with the reasons assigned by the trial court for its ruling. We are not persuaded, however, that the issue of illegality of the alleged contract is one which may be properly decided on the face of the present pleadings. There is a point at which the interests of several claimants for damages for the same wrongful death diverge. Until there is a recovery by settlement or judgment, their interests are the same. All want the largest recovery possible. It is entirely in order for counsel to work together, and we would not rule out an agreement for division of their contractual fees on the basis of services rendered. When the money is in hand, the respective claimants become adversaries in the carving of the pie, and all are entitled to the unencumbered services of their individual counsel. There could be problems if an attorney had entered into a fee-sharing agreement without the knowledge of his client, and so was less motivated to seek the largest possible share for his client. On remand the defendants may plead illegality under Rule 55.08, and the facts can be developed. The plaintiffs may amend their petition if they so elect. We express no opinion at this time on the allocation of the burden of proof as to the facts underlying any defense.

It is also suggested that the plaintiffs did not present any claim for "expenses of recovery" at the allocation hearing, as authorized by § 537.095.4(2). This circumstance, and its effect on the present action, may also be addressed on remand.

The judgment of dismissal is reversed and the case is remanded for further proceedings.

GRIMM, P.J., and CRANDALL, J., concur.