Hanne KANTON, Plaintiff–Appellant,

v.

LUETTECKE TRAVEL SERVICE, INC., et al., Defendants–Respondents.

No. 66276.

Missouri Court of Appeals, Eastern District, Division Three.

May 2, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Application to Transfer Denied July 25, 1995.

Brian May, Mark A. Brittingham, St. Louis, for appellant.

Michael W. Flynn, Corey M. Lavinsky, St. Louis, for respondent.

DOWD, Judge.

Plaintiff, Hanne Kanton, appeals the trial court's actions granting a partial summary judgment in which two counts of her second amended Petition were dismissed, striking certain allegations from her first amended Petition, and striking several discovery requests. We affirm.

Plaintiff's father, Walter Luettecke, owned the majority of stock in Luettecke Travel Service, Inc. (LTS) prior to his death. In his will, Walter Luettecke devised 49 percent of the outstanding shares of stock in LTS to his daughter (Plaintiff) and 51 percent of the stock to his nephew, Herbert Luettecke (Defendant, along with LTS). The stock was divided in this manner according to an earlier agreement between Defendant Luettecke and Walter Luettecke, in which Defendant Luettecke agreed to employ Plaintiff in LTS for as long as she desired.

When Plaintiff's father died, the stock was divided according to the will and the company changed hands. Plaintiff claims it was at this point Defendant Luettecke began treating her poorly. She eventually resigned and sued Defendant Luettecke and LTS for breach of contract, intentional infliction of emotional distress, fraud, breach of fiduciary duty, judicial liquidation of LTS, and appointment of a receiver to oversee the liquidation.

Defendants filed a Motion to Strike allegations from the first amended Petition, which the trial court partially granted. Plaintiff filed a second amended Petition. Several days later, the trial court sustained Defendants' objections to portions of Plaintiff's discovery requests seeking financial information going back ten years. Eventually, Defendants moved for summary judgment and provided the court with deposition testimony of both Plaintiff and Defendant Luettecke. The trial court granted summary judgment as to Counts I and II (alleging Defendant Luettecke's oppressive behavior necessitated a court-appointed receiver and dissolution of the company). Plaintiff appeals the trial court's order striking allegations from her first amended Petition, the trial court's order sustaining Defendants' objections to several discovery requests, and the trial court's grant of summary judgment as to Counts I and II of her second amended Petition. All of the above orders have been certified as final for the purpose of appeal.

In Plaintiff's first point on appeal, she argues the trial court erred in granting partial summary judgment because Defendants' Motion for Summary Judgment did not comply with Rule 74.04. Plaintiff contends Defendants failed to state with particularity which facts were not in dispute in separately numbered paragraphs as required by the rule. Defendants arranged the motion so that it directly corresponded to the Petition. In Count I, paragraph 10 of the Petition, Plaintiff listed the four allegedly oppressive actions of Defendant Luettecke in separately lettered paragraphs. Defendants likewise addressed the allegations of oppression under the same separately lettered paragraphs. By doing so, Defendants made referencing between the Petition and the lengthy Motion for Summary Judgment somewhat simpler.

■ The purpose behind Rule 74.04(c) is to assure that the opposing party, the trial court, and the appellate court are aware of the basis on which movant claims entitlement to summary judgment. *Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo.App.E.D. 1994). Defendants' only variation from Rule 74.04 was listing the oppressive acts under

separately lettered paragraphs instead of separately numbered paragraphs. Defendants have in no way thwarted the purpose of the rule through this minor variation. The motion provided the essential subject matter; yet with the small change, Defendants made it easier to read and compare to the Petition. We find no basis for reversing the trial court's decision due to a failure to comply with Rule 74.04.

The trial court granted partial summary judgment without stating its reasons. Plaintiff argues due to Defendants' failure to comply with Rule 74.04, the basis for the trial court's decision cannot be determined. We presume the trial court acted according to grounds set forth in the summary judgment motion since it did not specify its reasoning. *Farrow v. Brown*, 873 S.W.2d 918, 919 (Mo. App.E.D.1994); *Pippins v. City of St. Louis*, 823 S.W.2d 131, 133 (Mo.App.1992). The motion contended no genuine factual disputes existed, and the elements necessary for Plaintiff to prevail were rebutted by facts in the record.

Plaintiff further argues since the trial court did not dismiss Count VI for breach of fiduciary duty, an inconsistency exists which prevents us from looking to Defendants' summary judgment motion for the trial court's reasoning in dismissing Counts I and II. She states the cumulative effect of Defendant Luettecke's acts as majority shareholder constitute oppression since they breach fiduciary duties owed to minority shareholders. *Fix v. Fix Material Co., Inc.*, 538 S.W.2d 351, 358 (Mo.App.1976). She claims "Count VI alleged that the very wrongdoing described in Count I amounted to a breach of fiduciary duty" and therefore "the trial court's decision is patently inconsistent with Respondents' motion."

First we note Count I is equitable in nature while Count VI is in tort. Further, Plaintiff misstates the content of her Petition. Count I did not allege the same wrongdoing as Count VI. Count I alleged four acts of misconduct, only two of which were repeated within the ten allegations of Count VI. The same two allegations from Count I were also repeated in Counts III and IV. These allegations, denying Plaintiff access to financial records and changing LTS's tax status without consulting Plaintiff, are discussed below. Point denied.

As her second point on appeal, Plaintiff argues the partial summary judgment constituted trial court error because issues of fact existed regarding the oppressive conduct in that: (a) there was insufficient evidence presented with the motion from which the trial court could have determined whether Defendant Luettecke's actions were improper, and (b) if proven, her allegations amount to oppressive conduct.

We allow a summary judgment to stand if no genuine factual disputes exist and the movant is undisputedly entitled to judgment as a matter of law. *ITT Comm. Finance v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). A genuine factual dispute is not "merely argumentative, imaginary or frivolous." *Id.* at 382. A genuine dispute exists if the record before us "contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.* We review the record in the light most favorable to Plaintiff and accord her the benefit of all reasonable inferences drawn therefrom. *Id.* at 376. Our review is essentially de novo, for the validity of a summary judgment is an issue of law. *Id.*

The trial court granted summary judgment as to Counts I and II of Plaintiff's Petition. Count I asked for judicial dissolution of LTS pursuant to § 351.494(2)(b) and (d), RSMo Cum.Supp.1990, due to Defendant Luettecke's allegedly oppressive actions. Count II asked for a court-appointed receiver to wind up and liquidate LTS. § 351.498.1, RSMo Cum.Supp.1990. Trial courts act in equity when determining whether a corporation should be judicially dissolved. *Struckhoff v. Echo Ridge Farm, Inc.*, 833 S.W.2d 463, 466 (Mo.App.E.D.1992). The "drastic remedy" of dissolution should be utilized "only to prevent irreparable injury, imminent danger of loss or a miscarriage of justice." *Id.* Oppression is to be determined on a case-by-case basis, but it generally involves "harsh, dishonest or wrongful con-

duct and a visible departure from the standards of fair dealing." *Id.* at 467.

Plaintiff again argues an inconsistency exists since the trial court dismissed Count I for oppression and not Count III for breach of contract because both relied on the same facts. First we note Counts I and III did not rely on the same facts. Count I listed four alleged acts of oppression, while Count III listed fourteen acts in support of her breach of contract claim. These are different claims with different elements. Furthermore, Count I was an equitable claim while Count III was for breach of contract. We find no inconsistency as contended by Plaintiff.

Within Count I, Plaintiff listed four acts as constituting the allegedly oppressive misconduct justifying judicial dissolution. We will first address each allegation separately in determining the propriety of the partial summary judgment. We will later address the cumulative effect of Defendant Luettecke's allegedly oppressive actions.

■ In Plaintiff's first allegation of oppression, she states that without consulting her, Defendant Luettecke changed LTS's tax status to a "C" from an "S" corporation thereby preventing her from sharing in profits. There is nothing wrong with or oppressive about changing a corporation's tax status. In her deposition, Plaintiff stated she knew of nothing in LTS's by-laws or articles of incorporation requiring Defendant Luettecke as president to consult with her before making such a change. Defendant testified in deposition that prior to the change in ownership of LTS, several times Plaintiff's father found it necessary to step in and make personal loans to the corporation in the amount of $7,395 and $19,820. Defendant stated he could not afford to make such loans. He met with an accountant to find out if it would be possible for LTS to retain more money so that if financial assistance was required in the future, LTS would have reserve funds on hand. To achieve this result, the accountant recommended the change in tax status.

We find no genuine factual issue. Changing a corporation's tax status is not inherently oppressive or wrong. Plaintiff stated she knew of nothing in the LTS by-laws or articles prohibiting such a change or requiring Plaintiff's permission. Defendant Luettecke presented legitimate reasons for this change. Plaintiff presented no facts in her Petition or in her Motion in Opposition to Summary Judgment to support her assertion this change was made to stop her profit sharing. She merely made argumentative and frivolous claims. *ITT Comm. Finance*, 854 S.W.2d at 382.

■ Plaintiff's second allegation of oppression stated Defendant Luettecke denied her access to the corporation's financial records. In deposition testimony, Plaintiff admitted she never requested to see financial records because she assumed Defendant Luettecke would refuse. We find no genuine issue of fact regarding the allegation Plaintiff was denied access to LTS records.

As Plaintiff's third allegation of oppression, she claimed Defendant Luettecke paid his wife out of LTS funds for services she did not perform. Plaintiff stated this was done to divert LTS assets to Defendant Luettecke personally. In her deposition, Plaintiff testified she based this allegation on nothing more than assumptions and speculation. Plaintiff stated she believed Defendant Luettecke's wife did not perform legitimate work for LTS as a travel agent. However, Plaintiff admitted she did not know if Defendant's wife had been hired to work in any other position. In deposition testimony, Defendant Luettecke testified LTS hired his wife as a bookkeeper for $10 per hour. We find no genuine issue of fact regarding diversion of company funds by paying Defendant Luettecke's wife for alleged nonexistent services.

In Plaintiff's final example of oppression, she argued Defendant Luettecke "terminated Plaintiff's employment at LTS." Deposition testimony of both parties clearly shows Plaintiff resigned from her job by written notice. On appeal, Plaintiff now claims Count I alleged she was forced to resign. This allegation is found nowhere within Count I. Furthermore, even if she did allege constructive discharge in Count I, we have determined the three other allegations of

oppressive conduct within Count I were properly disposed of. Therefore, Plaintiff presented no facts which would have established this conclusory point even if she did plead that Defendant Luettecke forced her to resign. We find no genuine factual issue regarding the termination of Plaintiff's employment.

Plaintiff also points out Defendants' Motion for Summary Judgment contained a claim that the deposition testimony of Plaintiff was not credible. However, the trial court could have properly granted summary judgment as to Plaintiff's allegation Defendant Luettecke terminated her without incorrectly judging the credibility or persuasiveness of Plaintiff's testimony. *Podlesak v. Wesley,* 849 S.W.2d 728, 732 (Mo.App.S.D. 1993). We, therefore, need not address Plaintiff's argument regarding Defendants' statement concerning the persuasiveness of Plaintiff's deposition testimony.

In summary, the four allegations of oppressive conduct in Count I were properly disposed of. They do not alone or considered together constitute oppression. Plaintiff's second point on appeal is, therefore, denied.

Plaintiff's third point on appeal alleges trial court error when it struck certain allegations from her first amended Petition because the cumulative effect of those allegations established oppressive behavior. We review a trial court's order striking allegations from a pleading only to determine whether the court abused its discretion. *See, Eckert v. Thole,* 857 S.W.2d 543, 546 (Mo. App.E.D.1993). The trial court's order striking the allegations contained no explanation. Plaintiff's claim of error relates to an off-the-record statement made by the trial court regarding the rationale for its decision. We do not consider matters outside the record when determining issues on appeal. *Small v. Missouri Hwy. and Transp. Comm'n,* 815 S.W.2d 495, 497 (Mo.App.1991); *Missouri Farmers Ass'n v. Kempker,* 726 S.W.2d 723, 727 (Mo. banc 1987). Point denied.

Lastly, Plaintiff argues the trial court erred in striking portions of her discovery requests. We do not reach Point IV because the trial court's actions regarding Plaintiff's discovery requests are not properly appealable at this stage in the proceedings. Since the trial court's ruling does not constitute a final judgment, we have no jurisdiction to entertain its merits. Rule 74.01; *Boley v. Knowles,* —— S.W.2d —— [1995 WL 124354] (Mo. banc 1995) (slip op. No. 77207, decided March 21, 1995). Point denied.

For the above reasons, we affirm.

CRANE, P.J., and CRANDALL, J., concur.