David FELLING and Dennis Fitzwilliam, Appellants,

v.

Larry GILES, d/b/a St. Louis Architectural Art Company, Respondent.

No. ED 78216.

Missouri Court of Appeals, Eastern District, Division Five.

June 12, 2001.

Siegel Sevasianos, LLP; Gary M. Siegel; Clayton, MO, for appellant.

Lowenhaupt & Chasnoff, LLC; Jeffrey H. Kass; St. Louis, MO, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

Plaintiffs David Felling and Dennis Fitzwilliam appeal from the judgment entered on defendant Larry Giles's Motion for Judgment on the Pleadings in favor of the defendant.[1] We affirm.

The defendant conducts a business having to do with artifacts from buildings scheduled for demolition. The plaintiffs alleged in their petition that they had undertaken to assist the defendant in salvage operations and that they were entitled to a share of the price received by the defendant when the artifacts were sold.

The first amended petition in the initial action between the parties contained sixteen counts. In eight of these plaintiff Felling sought relief, on claims as follows.

Count I—Declaratory Judgment that a partnership existed.

Count II—Conversion

Count III—Breach of Fiduciary Duty

Count IV—Breach of Good Faith Dealing

Count V—Fraudulent Misrepresentation

Count VI—Accounting for Partnership Assets

Count VII—Breach of Contract

Count VIII—Quantum Meruit

In Counts IX through XVI plaintiff Fitzwilliam sought substantially identical relief.

The initial nineteen paragraphs of the first amended petition describe the general course of dealing of the parties, and these paragraphs are expressly incorporated into each of the sixteen counts. It is patent that the plaintiffs are asserting alternate grounds for relief, relating to the same basic fact situation. This is expressly permitted by Supreme Court Rule 55.06(a).

The trial judge ordered a separate trial on Counts I, VI, IX, and XIV. These counts state claims of historic equitable origin, appropriate for trial to the court without a jury, and by our established practice are tried before legal claims included in the same suit.

The court, after hearing evidence, found that no partnership existed and ruled in favor of the defendant on the four counts. The judgment at this stage was not final because the remaining counts were still pending.

The defendant sought dismissal of all remaining counts with prejudice. The judge who presided at the trial of the equitable claims initially granted relief, but then decided that he could not dismiss all the remaining counts. The plaintiffs, at this point, moved for voluntary dismissal of all their remaining claims without prejudice, pursuant to Supreme Court Rule 67.01(a), and the court entered the order sought. The plaintiffs frankly say that they sought dismissal in order to render the judgment on the equitable counts final and appealable. Appeal was then taken to

---

1. Defendant filed a Motion in Limine that the trial court treated as a Motion for Judgment on the Pleadings.

this court, which affirmed the judgment by order.

While the appeal was pending here, the plaintiffs filed another action against the defendant in six counts, three relating to Felling and three relating to Fitzwilliam. The first twenty-three paragraphs of the petition are common to all counts and are incorporated into each of those counts by reference. Counts I and IV, expressly stated to be Counts III and XI in the previous case, declare on Breach of Fiduciary Duty. Counts II and V, stated to be Counts VII and XV in the previous case, allege Breach of Contract. Counts III and VI, related to prior Counts VIII and XVI, declare in Quantum Meruit.

After proceedings before several judges, which need not be related here in detail, the case that is the subject of this appeal was assigned to Judge Patricia L. Cohen. The defendant filed a motion in limine seeking to limit the scope of the trial. The trial judge elected to treat this motion as a motion for judgment on the pleadings. She then entered an order sustaining the motion, concluding that the pleadings show on their face that the plaintiffs' claims are barred by the statute of limitations. The plaintiffs prosecute this appeal from her final order and judgment.

■ On appeal from the grant of a motion for judgment on the pleadings, this court will review the allegations of the non-movant's petition to determine if the facts pled therein are insufficient as a matter of law. The moving party admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *Madison Block Pharmacy, Inc. v. U.S. Fidelity and Guaranty Co.,* 620 S.W.2d 343, 345 (Mo. banc 1981). The moving party's position for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law. *Id.* A trial court's grant of a motion for judgment on the pleadings is proper if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law. *Id.*

■ We are entitled to affirm on any ground sufficient to sustain the judgment and are not limited to the grounds relied on by the trial court. We will affirm the trial court's judgment "if it is deemed correct under any reasonable theory supported by all of the evidence." *Tip–Top Plumbing Co., Inc. v. Ordemann,* 946 S.W.2d 786, 790 (Mo.App. W.D.1997). Although the court did not reach its result by the reasoning stated herein, the trial court reached the correct result. This court on appeal is primarily concerned with the correctness of the result, and not the route taken by the trial court to reach it. *Corrigan v. Armstrong, Teasdale, et al.,* 824 S.W.2d 92, 94 (Mo.App. E.D.1992).

■ We are persuaded that the face of the record in the two actions shows that plaintiffs' claims in the second suit are barred by the doctrine of res judicata. We therefore affirm.

The defendant did not brief the issue of res judicata in depth in this court, but filed detailed suggestions in the trial court in support of a motion to dismiss based on res judicata, and the plaintiffs stated their position in response to these suggestions. We feel sufficiently informed on the issue to consider it as the basis for ruling this appeal.

■ The governing law is extensively discussed in *Missouri Real Estate and Ins. Agency, Inc. v. St. Louis County,* 959 S.W.2d 847, 850 (Mo.App. E.D.1997) as follows:

The doctrine of res judicata takes on the character of the rule against split-

ting a cause of action, because both res judicata and splitting a cause of action are designed to prevent a multiplicity of lawsuits. *Lay v. Lay,* 912 S.W.2d 466, 471 472 (Mo. banc 1995). A cause of action which is single may not be split and either filed or tried piecemeal; and the penalty for splitting a cause of action is that an adjudication on the merits in the first action is a bar to the second action. *Id.* at 472. The doctrine of res judicata bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made. *Jordan v. Kansas City,* 929 S.W.2d 882, 886 (Mo.App. W.D.1996).

Here all sixteen counts of the petition in the first action and all six counts of the petition in the second action incorporate the following language:

> 5. In 1973 Plaintiff [Felling or Fitzwilliam] entered into an agreement with Defendant and, pursuant to said agreement, Plaintiff ... agreed to associate with Defendant for the purpose of restoring buildings, salvaging artifacts, restoring artifacts, and preparing said artifacts for storage and sale. In exchange, for said association, Plaintiff ... and Defendant agreed that Plaintiff ... would receive at least a twenty percent (20%) interest in all items procured from all projects upon which Plaintiff ... assisted in any way. Pursuant to said agreement Defendant agreed to store many of said items in his warehouses until a reasonable prompt sale could be arranged, at which time Plaintiff ... would receive at least twenty percent (20%) of the gross amount received from the sale.

> 7. Pursuant to said agreement, Plaintiff ... on a continuous and uninterrupted basis provided assistance to Defendant on more than 100 different projects from 1973 through 1987, and received compensation for said association upon until September 20, 1992.

These allegations state the core facts relied on for recovery under all sixteen counts of the petition in the first action and all six counts in the second action. The plaintiffs, in each count set forth alternative legal theories under which they claim a right to a monetary award. It is clear that there is but a single cause of action under *Lay* and *Missouri Real Estate.*

The four-part test is clearly met. The thing sued for, compensation for services rendered, is identical in the two actions. The cause of action is the same because the plaintiffs' claims "arise out of the same act, contract, or transaction." *Missouri Real Estate,* 959 S.W.2d at 850. (The allegations might be more precisely described as describing a series of transactions, cf, Supreme Court Rule 52.05(a), relating to joinder of parties, but the plaintiffs seek recovery in each count for all salvage operations they claim to have participated in.) The parties and the capacity in which they sue or defend is the same. The plaintiffs were obligated to include in their initial action all theories under which they seek recovery on account of the transaction or transactions sued upon. Plaintiffs manifestly split their cause of action by seeking recovery based on the same core of facts in separate lawsuits.

Does it make any difference that the plaintiffs initially included in their petition in the first action the claims sued on in the second, and then obtained an order of dismissal without prejudice of all claims that were not the subject of the separate trial? We think not. The rule against

splitting a cause of action would have little meaning if it could be avoided by first filing and then dismissing claims that should be part of a single suit. See, *King General Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495 (Mo. banc 1991) and see, *Id.* at 502 (Blackmar, J. concurring). The plaintiffs should not be permitted to experiment by prosecuting successive actions.

The plaintiffs cannot take solace from the court's order dismissing the counts now sued on without prejudice upon plaintiffs' motion. The plaintiffs sought to split their cause of action. The trial court could have, and did, order separate trials of the several counts, but could not authorize the maintenance of a second action containing claims which were required to be included in a prior action which had become the subject of a final judgment.

 The plaintiffs frankly say that they proceeded as they did in order to prosecute an appeal from the final judgment on the equitable counts. The normal rule is that only a final judgment may be the subject of an appeal. There is no indication that the plaintiffs sought an order of finality on the counts tried pursuant to Supreme Court Rule 74.01(b), and such an order would undoubtedly be inappropriate because it applies only when "more than one claim for relief is presented in an action ...." and, as we have seen, the plaintiffs' several claims constitute a single cause of action. One reason for the rule against splitting is to avoid piecemeal appeals. The judgment on the equitable claims was not final so long as the other claims were pending and the plaintiffs could have proceeded with the separate trial and then appealed from the entire judgment. When they did not do so they took a risk. Our procedure discourages such experimentation with the court's processes.

The plaintiffs argue that the rule against splitting does not apply to a declaratory judgment action. The short answer to this argument is that the first trial sought not only a declaratory judgment but also monetary relief in the form of an accounting. Other monetary claims should have been included.

Inasmuch as our finding of bar by res judicata is sufficient to dispose of the case, there is no reason to discuss the claims of collateral estoppel and "equitable cleanup" argued by the parties. Nor is it necessary to consider the issue of the statute of limitations which is the basis for the trial court's dismissal of the plaintiffs' claims. We do not need to probe the plaintiffs' claim that payment on account of some of the transactions tolled the statute of limitations.

The judgment is affirmed.

MARY K. HOFF, Chief Judge and SHERRI B. SULLIVAN, J.: Concur.