**In re the MARRIAGE OF Vivian R. GIBSON and William H. Gibson.**

**Vivian R. Gibson, Petitioner/Respondent,**

v.

**William H. Gibson, Respondent/Appellant.**

**No. ED 79689.**

Missouri Court of Appeals, Eastern District, Division One.

April 9, 2002.

Rehearing Denied May 28, 2002.

Charles W. Bobinette, Uthoff, Graeber, Bobinette & Blanke, St. Louis, MO, for appellant.

Ellen Watkins, Robert Dennis, Edwards, Singer, Schramm, Watkins & Spoeneman, L.L.P., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Former husband appeals from the judgment on the pleadings entered in favor of former wife on husband's counterclaim for breach of a settlement agreement that divided the parties' marital property. We reverse and remand.

After the marriage of Vivian R. Gibson (wife) and William H. Gibson (husband) was dissolved, wife filed a "Petition for Distribution of Undistributed Marital Property." She alleged that the trial court's judgment of June 27, 2000 divided all marital property and debt according to the parties' separation agreement signed on the same date. She further alleged that husband represented in the agreement that "... each party has made a full disclosure to the other of all properties and assets owned by each of them." She further stated: "The parties hereby warrant and affirm to each other and the Court ... that each has made full and complete disclosure of all assets, income and debts ..." She alleged that she subsequently discovered a cashier's check, dated April 7, 2000, drawn on Mercantile Bank, a marital account, payable to husband in the amount of $30,000.00. She claimed that the check was not divided or distributed by the Agreement because husband had fraudulently concealed it. She sought a $30,000.00 check as her undistributed marital property, together with her attorney's fees and costs.

In his answer, filed September 18, 2001, husband denied the allegations of the petition and alleged that the $30,000.00 represented proceeds from the sale of his separate Allegiant Bank stock, which was awarded to him by the parties' settlement agreement and the trial court's June 27, 2000 judgment. Husband simultaneously filed a counterclaim to recover damages and attorney's fees and expenses for wife's breach of the settlement agreement, a copy of which was attached to and incorporated in his counterclaim. Provision 9.3 of the settlement agreement provides: "In the event any of the provisions of this Agreement become the subject of enforcement proceedings between the parties, then the prevailing party shall be entitled to the reasonable costs incurred in prosecuting or defending such an action, including reasonable attorney's fees." In his counterclaim he alleged damages of $2,500.00, plus attorney's fees and expenses in the anticipated amount of not less than $1,500.00.

On April 16, 2001, wife dismissed her petition without prejudice. On April 23, 2001, wife filed a motion for judgment on the pleadings on husband's counterclaim on the grounds that the allegations contained within husband's answer and counterclaim did not entitle him to relief as a matter of law, because he failed to allege facts entitling him to attorney's fees. The trial court granted wife's motion for judgment on the pleadings and entered final judgment in favor of wife and against husband on his counterclaim. Husband appeals.

For his sole point, husband contends that the trial court erred in granting judgment on the pleadings because the facts pleaded do not demonstrate that he cannot prevail on his breach of contract action. He argues that he adequately pleaded damages, including attorney's fees and other expenses recoverable as a matter of law, resulting from a breach by the petitioner of a valid and enforceable agreement between the parties.

Rule 55.27(b) permits the filing of a motion for judgment on the pleadings. On appeal from a grant of a motion for judgment on the pleadings, we review the allegations of the non-movant's petition to determine the sufficiency of the facts pleaded therein as a matter of law, assuming all facts pleaded by the non-moving party to be true. *Felling v. Giles*, 47 S.W.3d 390, 393 (Mo.App.2001). We will uphold the trial court's grant of a motion for judgment on the pleadings if we find from the face of the pleadings that the moving party is entitled to judgment as a

matter of law. *Id.* Additionally, we may affirm on any ground sufficient to sustain the judgment and are not limited to the grounds relied on by the trial court.

■ To state a cause of action for breach of contract, facts must be alleged which demonstrate: (1) the making and existence of a valid and enforceable contract between the parties; (2) the rights and obligations of the parties thereunder; (3) a violation thereof by the opposing party; and (4) damages resulting from the breach. *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 941 (Mo. App.1996). In her motion wife only challenged the sufficiency of the allegations supporting the damage element as a matter of law.

■ Wife argues that husband is not entitled to attorney's fees under the American Rule.[1] The "American rule" generally requires each party to bear the expense of its own attorney's fees. *Liberty v. Beard*, 636 S.W.2d 330, 331 (Mo. banc 1982). However, fees authorized by contract are among the limited exceptions to this rule. *Id.* Attorney's fees authorized by separation agreements are within the "contract" exception to the American rule. *Garner v. Hubbs*, 17 S.W.3d 922, 929 (Mo.App.2000). If a legitimate claim is made for attorney's fees under a provision of a separation agreement, the trial court must comply with that agreement. *Id.* at 930.

Husband defended wife's claim by raising and enforcing the terms of the settlement agreement which had awarded the stock to him. When wife dismissed her petition, husband became the prevailing party and was entitled to attorney's fees under the agreement. Accordingly, the trial court erred in granting wife's motion for judgment on the pleadings.

The judgment of the trial court is reversed.

WILLIAM H. CRANDALL, JR., P.J., and ROBERT G. DOWD, JR., J. concur.

---

1. Wife does not challenge the other damage allegations.