**Jack and Loretta BECKER, Appellants,**

v.

**ST. CHARLES BOAT & MOTOR INC., Respondent.**

**No. ED 82524.**

Missouri Court of Appeals, Eastern District, Division Four.

April 20, 2004.

Richard Dwight Sabbert, St. Charles, MO, for appellant.

Joel David Brett, St. Charles, MO, for respondent.

### Introduction

PATRICIA L. COHEN, Judge.

Jack and Loretta Becker ("the Beckers") appeal the judgment of the Circuit Court of St. Charles County granting St. Charles Boat & Motor, Inc.'s ("SCBM") Motion for Judgment on the Pleadings and dismissing their suit for replevin, conversion and quantum meruit on the basis of *res judicata*. We affirm.

### Statement of the Facts and Proceedings Below

In October 1996, Jack Becker filed a petition in the Circuit Court of St. Charles County alleging, among other things, that he and SCBM entered into a partnership on or about May 1, 1995, that he had contributed various assets to the partnership, and that the inventory grew to approximately $250,000.00 ("Becker # 1"). The alleged purpose of the partnership was the operation of a retail marine and boat supply and repair facility. In his initial petition, Becker sought an accounting of the partnership's assets and liabilities, a dissolution of the partnership, and such other and further relief as the trial court deemed appropriate. Thereafter, Becker amended his petition to add his wife, Loretta Becker, and to seek dissolution of the partnership as well as an accounting of the partnership's assets, liabilities, receipts and payments. The parties tried the case on the merits and the trial court rendered a verdict in favor of SCBM, ruling that the Beckers failed to prove the existence of a partnership. This court affirmed the trial court. *Becker v. St. Charles Boat & Motor, Inc.*, 21 S.W.3d 851 (Mo.App. E.D.2000).[1]

Following the final disposition of Becker # 1, the Beckers filed a second lawsuit against SCBM for replevin, conversion and quantum meruit ("Becker # 2"). The Beckers characterized the subject of the

---

1. As part of the legal file here, the Beckers have included the memorandum supplementing the order affirming judgment. Throughout the memorandum, this Court specifically referred to and discussed the inventory and assets which are the subject of this case.

replevin and conversion counts as inventory for a nautical gift shop, "business assets and personal property" such as gift shop shelving and merchandising racks, cash registers and other business-related items. The Beckers further alleged that SCBM acquired the property by making "wrongful and fraudulent representations that the parties would be using the property in a partnership...." In the quantum meruit count, Loretta Becker sought compensation for work she performed in connection with the operation of the nautical gift shop during the period August 1995 to August 1996.

In its initial response to the Beckers' petition, SCBM filed a Motion to Dismiss on the grounds that *res judicata* barred the Beckers' claims. The trial court denied the motion. Thereafter, SCBM filed a Motion for Judgment on the Pleadings. The trial court heard the Motion for Judgment on the Pleadings and, relying primarily on *Felling v. Giles,* 47 S.W.3d 390 (Mo.App. E.D.2001), held that: (1) the inventory, assets and services which were the subject of the second suit were identical to the items at issue in the first lawsuit; (2) the cause of action was identical because it arose out of the same transaction and could have been brought in the first lawsuit; and (3) the identity of the parties and their status were identical. This appeal followed.

### Standard of Review

Where a trial court has granted a motion for judgment on the pleadings, we review the petition to determine whether the allegations pleaded are insufficient as a matter of law. *State ex rel. Nixon v. American Tobacco Co.,* 34 S.W.3d 122, 134 (Mo. banc 2000). For purposes of the motion, the moving party admits the truth of all well-pleaded facts in the opposing party's pleadings. *Id.; Felling,* 47 S.W.3d at 393. A trial court's grant of the motion will not be disturbed if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law. *Id.*

### Discussion

In their sole point on appeal, the Beckers assert that the trial court erred in granting SCBM's Motion for Judgment on the Pleadings on the grounds of *res judicata.* More specifically, the Beckers contend that Becker #2 presents a new and distinct cause of action and should therefore not be barred by the judgment rendered in Becker #1.

It is well-settled that the doctrine of *res judicata* bars a claim if four requisite elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made. *Felling,* 47 S.W.3d at 394. Moreover, *res judicata* precludes not only those issues on which the court in the former case was required to pronounce judgment, "but to every point properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002) (quoting *King Gen. Contractors, Inc. v. Reorganized Church,* 821 S.W.2d 495, 501 (Mo. banc 1991)).

The Beckers contend that the application of *res judicata* is improper because SCBM failed to establish that the cause of action in Becker #1 is identical to the one litigated here. Our Supreme Court defines "cause of action" as a "group of operative facts giving rise to one or more bases for suing." *Id.* This definition "centers on 'facts' that form or could form the basis of the previous adjudication." *Id.* Reiterat-

ing that the term "transaction" has a broad meaning, the Supreme Court relies on Restatement (Second) of Judgments, Section 24 which provides, in pertinent part, that the "claim extinguished includes all rights of the plaintiff to *remedies* against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* at 319 (emphasis in original).

■ Although the Beckers recognize that for purposes of *res judicata,* the term "transaction" is broadly construed, they consistently attempt to shift focus away from an assessment of the nature of the transaction and towards a consideration of whether the evidence is the same in both actions. The Beckers' focus on the "sameness" of the evidence, however, is misplaced. As the Supreme Court has held, "we find no authority for appellant's contention that her two demands cannot be regarded as split parts of a single cause of action unless both the *same* evidence and measure of *damages* apply to each." *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 10 (Mo.1948) (emphasis in original). Rather, "the character of the evidence must be such as to preserve the *general identity* of the transaction." *Id.* (emphasis in original).

Applying these principles, and focusing on the identity of the transaction at issue in both Becker #1 and Becker #2, it is clear that the trial court properly precluded Becker #2 on the basis of *res judicata.* Both Becker #1 and Becker #2 concern the parties' operation of a nautical gift shop between May 1995 and August 1996. In Becker #1, the Beckers attempted to establish the existence of a partnership. To that end, they alleged that they contributed inventory and assets to the partnership and sought, among other things, a distribution of those assets. Here they seek the identical assets and inventory using different legal theories.

■ To determine whether a party asserts the same claims in both cases, "a court looks to the factual bases for the claims not the legal theories." *Chesterfield Village,* 64 S.W.3d at 315. Contrary to the Beckers' contentions, "claim preclusion 'prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced to support it.'" *Id.* at 320 (internal citation omitted).

■ The Beckers contend that because they asserted in Becker #1 that they contributed the assets and inventory to the alleged partnership, they could not also assert in the same suit the alternative theory that SCBM converted the assets and inventory. The Beckers further argue that the evidence they needed to prove the existence of a partnership is contrary to the evidence needed to prove either SCBM's conversion of the inventory or a right to replevin. Even assuming, *arguendo,* that the Beckers' various legal theories are inconsistent, Rule 55.10 permits a party to "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds." Mo.R.Civ.P. 55.10 (2004). The purpose of Rule 55.10 (and its predecessor Rule 55.12) is to enable parties "to submit all their controversies in a single action and avoid a multiplicity of suits." *Kaiser Aluminum & Chemical Sales, Inc. v. Lingle Refrigeration Co.,* 350 S.W.2d 128, 131 (Mo.App.1961). In short, "a party may not litigate an issue and then, upon an adverse verdict, revive the claim on cumulative grounds which could have been brought before the court in the first proceeding." *King Gen. Contractors,* 821 S.W.2d at 501.

The Beckers had an opportunity in Becker # 1 to resolve the disputes arising out of their operation of the nautical gift shop. Nothing prevented them from seeking a dissolution of the partnership and a distribution of the assets or, in the alternative, a return of their alleged property. Having failed to assert all claims related to the transaction in Becker # 1, the Beckers are barred from raising claims related to the identical transaction in Becker # 2. Point one is denied.

### Conclusion

The judgment of the circuit court is affirmed.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., Concur.