Ricky HACKMANN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 85881.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 18, 2005.

James A. Chenault III, Jefferson City, MO, for Appellant.

Alan D. Arand, Union, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

The Director of Revenue (hereinafter, "the Director") appeals from the trial court's judgment setting aside the revocation of Ricky Hackmann's (hereinafter, "Driver") driving privileges. The Director believes the trial court erred because the maintenance check performed on the breath analysis instrument reflects that a current solution was used for its calibration. We reverse and remand.

Driver's driving privileges were revoked by the Director pursuant to Section 302.500 *et seq.* RSMo (2000). Driver petitioned for a trial de novo on September 23, 2004. The Director filed its answer, including a copy of Driver's arrest, a Data-Master maintenance report performed/calibrated with lot number 03180 simulator solution, and a "certificate of analysis" for solution lot number 03060. Driver then filed a motion for judgment on the pleadings which the trial court granted. This appeal follows.

In the sole point on appeal, the Director alleges the trial court erred in setting aside Driver's revocation of his driving privileges because the Director's pleadings reflect a current simulator solution was used when performing the maintenance check on the machine used for Driver's breath test. The Director indicated that the report reflects that a current solution was used for the calibration checks and the certificate of analysis filed with the expired simulator solution was of a different lot. We agree.

On appeal from the trial court's grant of a motion for judgment on the pleadings, this Court reviews the petition to determine whether the facts pleaded are insufficient as a matter of law. *Becker v. St. Charles Boat & Motor Inc.*, 131 S.W.3d 868, 870 (Mo.App. E.D.2004)(*citing State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 134 (Mo. banc 2000)). "The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all the opposing party's well pleaded facts, and the motion is properly granted if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Craig v. Missouri Dept. of Health,* 80 S.W.3d 457, 459 (Mo. banc 2002).

For the Director to make her prima facie case for suspension of an individual's driving privileges, the Director must demonstrate "that the driver was arrested upon probable cause that he or she was driving while intoxicated; and that the driver was driving at a time when his or her blood alcohol concentration was" in excess of the legal limit. *Melvin v. Director of Revenue,* 130 S.W.3d 11, 14 (Mo. App. E.D.2004). Our review of the Director's pleadings, assuming all of the pleaded facts are true, indicates the Director pleaded Driver was driving, arrested upon probable cause, and his blood alcohol concentration exceeded the legal limit. These are the elements for the Di-

rector to make a prima facie case.[1]

Accordingly, judgment on the pleadings was improper. The judgment of the trial court is reversed and remanded for a trial de novo.

GARY M. GAERTNER, SR., P.J., and KENNETH M. ROMINES, J., concur.

---

1. If challenged at trial, the Director carries the burden of proving compliance with the regulations regarding maintenance checks of its equipment and devices, including the effectiveness of the equipment being used with any expired solution.