**Orlando FORTENBERRY, Appellant,**

v.

**Fredrick A. BUCK, D.O., Respondent.**

**No. WD 70490.**

Missouri Court of Appeals,
Western District.

March 16, 2010.

KAREN KING MITCHELL, Judge.

This is a negligence case where the plaintiff alleges that he was injured by the acts of his co-employee. The circuit court dismissed the lawsuit for lack of subject matter jurisdiction. In light of *McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473, 474–79 (Mo. banc 2009), we reverse and remand with instructions to apply the standard applicable to motions for summary judgment.

## Facts and Procedural Background

On February 24, 1997, Orlando Fortenberry was employed as a utility body man by Ford Motor Company ("Ford") at Ford's manufacturing facility in Claycomo, Missouri. At the same time, Ford also employed Dr. Fredrick Buck. Buck practiced medicine at Ford's on-site medical clinic, where he treated work-related injuries sustained by Ford employees.

On February 24, 1997, Fortenberry sustained a laceration to his right forearm. The following day, Fortenberry reported the injury to the on-site medical clinic. On March 6, 1997, Fortenberry again reported to Ford's medical clinic after a mass had developed near the laceration. At this time, Buck examined Fortenberry, diagnosed the mass, and administered an injection containing two medications: Marcaine (a local anesthetic) and DepoMedrol (a steroid).

On February 15, 1998, Fortenberry applied for workers' compensation benefits for the combined effects of his work-related injury and the allegedly negligent medical treatment that forms the basis of this appeal. On December 11, 2002, Fortenberry filed a Second Amended Claim for Compensation, alleging that Buck's treatment "was a substantial factor in causing the injuries."

Frederick A. Duchardt, Jr., Trimble, MO, for Appellant.

Michael J. Kleffner, Chad R. Beashore, Kansas City, MO, for Respondent.

Before Division III: THOMAS H. NEWTON, Chief Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

On May 15, 2003, the administrative law judge entered a final award and found that Fortenberry sustained a work-related injury, Buck treated Fortenberry's work-related injury, and, in connection with this treatment, Buck administered "a steroid injection" to Fortenberry. Based on these findings and the deleterious effects of the March 6, 1997 injection, the administrative law judge awarded "90 percent permanent partial disability at the 220–week level"; "seven weeks of disfigurement"; "10 percent permanent partial disability to the body as a whole"; and future medical benefits, which were left "open for the Claimant's lifetime." The administrative law judge also found Fortenberry to be "incapable of competing for gainful employment in the open labor market[,]" and she awarded benefits for same.

On March 1, 2001, while his workers' compensation claim was still pending, Fortenberry filed a petition for damages in the Circuit Court of Clay County, Missouri, alleging that Buck committed medical malpractice in connection with the March 6, 1997 injection. Fortenberry alleged that the March 6, 1997 injection caused an ulnar nerve injury. Buck filed an answer and pled as an affirmative defense that "[p]laintiff's claims are barred by the applicable worker[s'] compensation statutes."

On May 6, 2008, Buck moved to dismiss Fortenberry's medical malpractice claim for lack of subject matter jurisdiction. In his motion, Buck presented evidence confirming his employment with Ford and the medical treatment of Fortenberry, including the injection on March 6, 1997. Buck also provided the circuit court with evidence relating to Fortenberry's workers' compensation claims, as well as the administrative law judge's final award.

The circuit court held a hearing on Buck's motion to dismiss and, on September-

ber 3, 2008, entered a docket entry sustaining it. On December 24, 2008, Fortenberry filed his Notice of Appeal. In his sole point on appeal, Fortenberry argues that we should reverse the circuit court's judgment because Buck's actions fell outside the exclusivity of Missouri's workers' compensation law, in that Buck's alleged malpractice: (1) is "something more" than negligence in fulfilling the employer's duty to provide a safe workplace and thus gives rise to co-employee liability; or (2) violated a duty Buck owed to Fortenberry as his patient, separate and apart from any duty of his employer, and thus was actionable under the "dual capacity" doctrine.

### Standard of Review and Discussion

■ In light of *McCracken*, 298 S.W.3d at 474–79, we must decide what standard should be applied to a motion to dismiss based on section 287.120,[1] the exclusivity provision of the workers' compensation statute. Traditionally, when section 287.120 has been raised by the defendant, courts have applied the standard of review applicable to a motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Nowlin ex rel. Carter v. Nichols*, 163 S.W.3d 575, 577 (Mo.App. W.D.2005). Under that standard, the circuit court should dismiss when it "appears" that the court lacks subject matter jurisdiction. *Id.* at 577–78. "As the term 'appears' suggests, the quantum of proof is not high and can be satisfied with a preponderance of evidence that the court is without jurisdiction." *Id.* at 578. In this case, the circuit court understandably ruled on Buck's motion as a motion to dismiss for lack of subject matter jurisdiction.

However, the Supreme Court of Missouri clarified in *McCracken* that section 287.120 does not affect the circuit court's subject matter jurisdiction. 298 S.W.3d at

---

1. Since Fortenberry was injured in 1997, all statutory references are to RSMo 1994.

479. Accordingly, a motion to dismiss based on the exclusivity provision of the workers' compensation statute can no longer be granted using the "appears" standard that applies to motions to dismiss for lack of subject matter jurisdiction. *See id.*

Instead, workers' compensation exclusivity must be raised as an affirmative defense. *Id.* It follows that a defendant, seeking a pre-trial dismissal based on workers' compensation exclusivity, must file a motion for summary judgment.[2] The difference is significant, given that a more exacting standard applies to motions filed under Rule 74.04. In order to grant summary judgment based on section 287.120, the court must find that there is no genuine dispute as to the existence of each of the facts necessary to support the defendant's affirmative defense. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993).

Here, Buck pled that, because of the exclusivity provision of the workers' compensation statute, the circuit court could not grant Fortenberry the relief sought. In a motion for summary judgment based on that affirmative defense, Buck has the burden of showing that there is no genuine dispute of material fact with regard to the following elements: (1) Fortenberry's claim is based on an accident arising out of and in the course of Fortenberry's employment with Ford, *see* section 287.120; (2) Buck was acting as an employee of Ford, *see Bradford v. BJC Corporate Health Servs.*, 200 S.W.3d 173, 177 (Mo.App. E.D.2006) (holding that exclusivity did not apply when no "master-servant" relationship existed between the defendant and plaintiff's employer); and (3) Buck was acting pursuant to a *non-delegable* duty that Ford owed to its employees.[3] *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 179 (Mo.App. E.D.1982) (holding that section 287.120 applies to a co-employee's conduct when the co-employee acts pursuant to one of the employer's non-delegable duties).

If Buck meets this threshold, the burden will shift to Fortenberry. In order to avoid the entry of summary judgment, Fortenberry would have to show that there is a genuine dispute of material fact as to whether Buck's conduct falls within an exception to co-employee immunity.[4]

Accordingly, we reverse and remand with instructions to apply the appropriate standard to Buck's motion to dismiss.

THOMAS H. NEWTON, Chief Judge, and MARK D. PFEIFFER, Judge, concur.

2. When the applicability of section 287.120 appears from the face of the petition, a defendant can also properly file a motion to dismiss for failure to state a claim upon which relief can be granted, *see* Rule 55.27(a)(6), or for judgment on the pleading pursuant to Rule 55.27(b) if the affirmative defense appears from the petition *and* other pleadings.

3. We note that the parties did not address whether Ford had a non-delegable duty to render medical care to its employees, and therefore we could not simply treat Buck's motion to dismiss as a motion for summary judgment, even if the parties authorized us to do so.

4. For example, below Fortenberry claimed that Buck's conduct satisfies the "something more" exception to co-employee immunity, *see State ex rel. Badami*, 630 S.W.2d at 180–81; or in the alternative, that Missouri, which has not recognized the "dual capacity" doctrine, should recognize it and that it applies to the facts of this case. *See Burns v. Employer Health Servs., Inc.*, 976 S.W.2d 639, 645 (Mo. App. W.D.1998).