**Larry TREASTER, et ux., Appellants,**

v.

**Steve BETTS, et al., Respondents.**

**Nos. WD 71654, WD 71857.**

Missouri Court of Appeals, Western District.

Nov. 9, 2010.

---

Patrick J. Berrigan and Joseph P. Masterson, Kansas City, MO, for appellants.

R. Todd Ehlert, Edwin H. Smith and Sharon Kennedy, St. Joseph, MO, for respondents.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, GARY D. WITT, Judge and KEITH MARQUART, Special Judge.

GARY D. WITT, Judge.

Larry Treaster appeals the circuit court's granting of Respondents' Motion to Dismiss for lack of subject matter jurisdiction. For the reasons set forth herein, we reverse.

## Statement of the Facts

Appellant, Larry Treaster ("Treaster") was employed by MoKan Transit Concrete, Inc. ("MoKan"), as a concrete truck driver. On January 9, 2003, working at a job site pouring concrete, the motor that powered the concrete truck's drum[1] stopped operating, which caused the drum to stop turning. The truck was taken back to the MoKan's location and some three hours later, after the concrete had begun to harden, Treaster's supervisor, Steve Betts ("Betts"), directed Treaster to climb up onto the broken truck to pour water, through a hose, into the drum. At the same time that Treaster was on top of the drum of the broken concrete truck, the broken truck's hydraulic lines were connected to the hydraulic lines of another operable truck in what is called a "cross-over procedure." This "cross-over procedure" caused the broken truck's drum to rotate suddenly. Treaster was thrown from the concrete truck to the ground below, causing injury.

---

1. The "drum" of a concrete truck is the part of the truck which stores the concrete and rotates.

Treaster and his wife filed a personal injury action against Betts, Alan Jenson, and John and/or Jane Doe(s) ("Respondents") in the Circuit Court of Buchanan County, Missouri, on January 3, 2008. The Petition alleged negligent acts by Respondents that caused or contributed to cause Treaster's injuries. Respondents filed a Motion to Dismiss alleging that Treaster's claims were pre-empted by the Missouri Workers' Compensation Law, Section 287.120.[2] On May 7, 2008, the circuit court dismissed the Petition finding that it lacked subject matter jurisdiction over this cause of action.[3] Treaster now appeals.[4]

## Analysis

The circuit court granted Respondents' Motion to Dismiss, relying on the case law in effect at the time of its ruling, on the grounds that it lacked subject matter juris-

diction over the cause because it fell under the exclusive purview of the Workers' Compensation Law.[5] *See e.g., State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621, 623 (Mo. banc 2002).

■ The Missouri Supreme Court subsequently has made it clear that the Workers' Compensation Law's exclusivity defense is not a matter of subject matter jurisdiction but rather constitutes an affirmative defense. *See McCracken v. Wal–Mart Stores E., LP*, 298 S.W.3d 473 (Mo. banc 2009); *see also Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 253–54 (Mo. banc 2009).

Missouri's constitution is unequivocal in stating that circuit courts 'have original jurisdiction *over all cases and matters*, civil and criminal.' Mo. CONST. art. V, sec 14 (emphasis added). . . . [T]o the extent that some cases have held that a

---

**2.** All statutory citations are to RSMo 2000, as updated through the 2002 Cumulative Supplement, unless otherwise indicated.

**3.** Respondents suggest that the circuit court did not dismiss the case because it lacked subject matter jurisdiction but argues the court recognized that Treaster's exclusive remedy was provided by the Workers' Compensation Law. A plain reading of the Judgment makes clear the circuit court concluded it lacked subject matter jurisdiction over the case because it did not find "something more" than mere negligence, which would have taken it out of the Workers' Compensation Act.

**4.** The procedural history of this case is more extensive than what is recited above, but further detail is unnecessary for the resolution of the issue before us. Essentially, Treaster filed his first petition in this case on January 3, 2008. This first case is case # WD69794. Treaster appealed the circuit court's grant of Respondents' Motion to Dismiss in the first case, but this Court dismissed the appeal because the judgment was not final. *See Treaster v. Betts*, 297 S.W.3d 94, 96 (Mo.App. W.D. 2009). On October 13, 2009, Treaster filed a voluntary dismissal of the additional parties, which previously had not been finally dis-

posed of, and Treaster then filed his next Notice of Appeal with this Court on October 23, 2009, case designation # WD71654. While that appeal was pending, Treaster filed another petition with the Circuit Court of Buchanan County on May 1, 2009, in order to ensure the cause was re-filed within timeframes set forth in the Savings Statute. See Section 516.230. The circuit court in that new cause, WD71857, entered a Judgment of Dismissal under the pending action and abatement doctrines. Appellants appealed that ruling as well. This Court then consolidated both appeals (WD71654 and WD71857) under WD 71654 by order dated February 1, 2010.

**5.** Section 287.120.2 sets forth the exclusivity provision of the Workers' Compensation Law and states: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter."

court has no jurisdiction to determine a matter over which it has subject matter and personal jurisdiction, those cases have confused the concept of a circuit court's jurisdiction-a matter determined under Missouri's constitution-with the separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case.

*McCracken,* 298 S.W.3d at 476–77. The Missouri Supreme Court in *McCracken* considered the same issue that is currently before us: whether the Workers' Compensation Law divests the circuit court of subject matter jurisdiction over claims that fall within the statutes' purview. *Id.* The unequivocal answer is no. *Id.* The issue of whether a claim is covered by the workers' compensation statutes "should be raised as an affirmative defense to the circuit court's *statutory authority to proceed* with resolving his claim." *Id.*

■ As an affirmative defense, that the claim is one covered by the Workers' Compensation Law "must be pleaded and proved as provided in Rules 55.08 and 55.27. It is not a defense that may be raised in a motion to dismiss." *Id.* at 479. A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment.[6] *Fortenberry v. Buck,* 307 S.W.3d 676, 679 (Mo. App. W.D.2010).

The difference is significant, given that a more exacting standard applies to motions filed under Rule 74.04. In order to grant summary judgment based on section 287.120, the court must find that there is no genuine dispute as to the existence of each of the facts necessary to support the defendant's affirmative defense.

*Id.* (citing *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993)).

*Fortenberry* provides a succinct explanation of the path before the parties upon remand.[7] *See* 307 S.W.3d at 679. Here, Respondents pled that the circuit court could not grant Treaster relief because of the exclusivity provision of the workers' compensation statutes. In a motion for summary judgment based on that affirmative defense, Respondents have the burden to show there is no genuine issue of material fact in dispute with respect to the following elements: (1) Treaster's claim is based on an accident arising out of and in the course of Treaster's employment, *id.*; *see* Section 287.120; (2) Respondents were acting as employees of MoKan, *see Fortenberry,* 307 S.W.3d at 679 (citing *Bradford v. BJC Corp. Health Servs.,* 200 S.W.3d 173, 177 (Mo.App. E.D.2006)); and (3) Respondents were acting pursuant to a nondelegable duty that MoKan owed to its employees. *Id.* (citing *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 179 (Mo. App. E.D.1982)).

6. "When the applicability of section 287.120 appears from the face of the petition, a defendant can also properly file a motion to dismiss for failure to state a claim upon which relief can be granted, *see* Rule 55.27(a)(6), or for judgment on the pleading pursuant to Rule 55.27(b) if the affirmative defense appears from the petition and other pleadings." *Fortenberry v. Buck,* 307 S.W.3d 676, 679 n. 2 (Mo.App. W.D.2010). Such is not the case before us.

7. Fortenberry makes it clear that *McCracken* applies to cases pending on appeal at the time it was decided. Both parties agree that these holdings require this matter to be reversed and remanded to the trial court. Treaster asks this court to evaluate Respondents' Motion to Dismiss as one for Summary Judgment and render a ruling as the Missouri Supreme Court did in *McCracken.* In the case at bar, unlike *McCracken,* essential facts are contested. Therefore, such an undertaking by this Court would be improper.

If Respondents meet this threshold, the burden will shift to Treaster. In order to avoid summary judgment, Treaster would need to show that there is a genuine issue of material fact as to whether Respondents' conduct falls within an exception to co-employee immunity. For example, Treaster claimed below that Respondents' conduct satisfies the "something more" exception to co-employee immunity.[8] *See Fortenberry*, 307 S.W.3d at 679. Point One is Granted.

Because the case must be sent back to the trial court for further proceedings, Treaster's Point Two on Appeal is moot and need not be addressed.

■ With respect to the appeal from Treaster's second filed petition against Respondents, WD71857, Treaster has not briefed or argued that the trial court's dismissal of that Petition was in error under the pending action and abatement by prior action doctrines. "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal...." Rule 84.13(a). Moreover, "[a] question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case." *Lucky v. Sears Roebuck & Co.*, 950 S.W.2d

687, 689 (Mo.App. S.D.1997) (internal quotation omitted). Case # WD71857 is therefore dismissed.

## Conclusion

Accordingly, we reverse and remand case number WD71654 with instructions to proceed consistent with the principles set forth in this opinion. Case number WD71857 is dismissed.

All concur.

---

8. Treaster cites this court's opinion in *Robinson v. Hooker*, 323 S.W.3d 418 (Mo.App. W.D.2010), as an example to follow in treating a motion to dismiss as one for summary judgment. However, the cases are distinct. Because the injury in this cause arose in 2003, prior to the statutory changes to the Workers' Compensation Law in 2005, the holding of *Robinson*, interpreting the 2005 amendments, would not be applicable. In *Robinson*, the trial court granted the motion to dismiss without specifying on which of three bases the dismissal was granted. *Robinson*, 323 S.W.3d at 421. Therefore, the court had to address each possible basis in turn because if any of the bases were proper, the dismissal would have been affirmed. The three possible bases the court addressed were (1) whether the co-employee was protected by the exclusivity provisions of the Workers' Compensation statutes; (2) whether the plaintiff's claim was barred by *res judicata*; and (3) whether the co-employee was entitled to official immunity. *Id.* After the amendment of the Workers' Compensation Law in 2005, the issue of whether a co-employee is entitled to immunity is no longer the highly fact specific "something more" test but a matter of strictly interpreting the Workers' Compensation statutes. *Id.* at 423. Since this case arose before the amendment in 2005, the "something more" test is still applicable. Because of the fact-intensive nature of the "something more" test, as opposed to the strict construction of the Workers' Compensation Law to determine co-employee liability, it would not be proper for this court to treat Treaster's Motion to Dismiss as one for Summary Judgment because the factual record has yet to be developed.