Ivey **HEIRIEN, Katrina Williams, Salina Nelson, and Frederick Nunley, Plaintiffs–Appellants,**

v.

Junior **FLOWERS and Josh Flowers, Defendants–Respondents.**

No. SD 30730.

Missouri Court of Appeals,
Southern District,
Division One.

June 27, 2011.

Tom Pirmantgen, Lake Law Firm, L.L.C., Jefferson City, MO, for Appellants.

Joy J. Ferguson, L. Dwayne Hackworth, Hackworth, Ferguson & Thompson, L.L.C., Piedmont, MO, for Respondents.

GARY W. LYNCH, Judge.

Ivey Heirien, Katrina Williams, Salina Nelson, and Frederick Nunley (collective-

ly, "Plaintiffs") appeal the dismissal of their wrongful-death action against Junior Flowers and Josh Flowers (collectively, "Defendants") for lack of subject matter jurisdiction. Plaintiffs contend that Defendants are not entitled to the exclusivity protection of section 287.120.1 [1] because Defendants do not constitute an employer as defined by statute. Because application of the exclusivity provision contained in section 287.120.1 is not a matter of subject matter jurisdiction but rather is an affirmative defense, we reverse the trial court's judgment and remand for further proceedings not inconsistent with this opinion.

### *Procedural Background*

On August 28, 2008, Plaintiffs filed a petition in the Circuit Court of Reynolds County in which they alleged the following:

Heirien is the mother of Linda Nunley ("Decedent"). Williams, Nelson, and Frederick Nunley are Decedent's children. Defendants were Decedent's "foremen and supervisors" employed by Missouri Hardwood Charcoal, Inc., where Decedent worked in and around charcoal kilns. Missouri Hardwood Charcoal, Inc., makes charcoal. In her capacity as an employee of Missouri Hardwood Charcoal, Inc., Decedent worked in and around areas where large heavy metal kiln doors were leaned up against buildings, even though such practices constituted safety hazards for Decedent and other employees. Employees were not provided any training on how to safely store the doors when removed from the kilns, but were expressly directed by Defendants "to place the kiln doors in this position despite knowing the hazards of the doors falling over." Defendants and Missouri Hardwood Charcoal, Inc., had previously been issued citations regarding unsafe protection measures and practices.

On April 6, 2007, Decedent was crushed to death when a kiln door fell on top of her.

Plaintiffs alleged that Defendants had engaged in affirmative negligent acts that in turn caused Decedent's death and constituted a breach of the personal duty of care Defendants owed Decedent. According to Plaintiffs, these negligent acts went beyond a breach of the duty of care owed Decedent by Missouri Hardwood Charcoal, Inc., rising to the level of "something more" and proximately causing Decedent's death. Plaintiffs demanded a jury trial and asked for relief in the amount of a minimum of $25,000.00.

Rather than filing an answer, Defendants filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" on September 9, 2008. In their motion to dismiss, Defendants contended that the workers' compensation law is the exclusive avenue for relief available to Plaintiffs because Defendants were not Decedent's supervisors. As such, Plaintiffs' cause of action was barred by *Murry v. Mercantile Bank,* 34 S.W.3d 193 (Mo.App.2000).

Plaintiffs filed their "Suggestions in Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction" on December 8, 2008. Plaintiffs focused their argument on the "something more" doctrine, and attempted to demonstrate that Defendants' actions rose to the necessary level to invoke the right to sue a co-employee, an apparent established exception to the workers' compensation law exclusivity protection at that time.[2]

On October 27, 2009, the Supreme Court of Missouri issued its opinion in *McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473 (Mo. banc 2009). In *McCracken,* our Supreme Court stated, "Whether a

---

1. All statutory references are to RSMo Cum. Supp.2005 unless otherwise indicated.

2. *But see Robinson v. Hooker,* 323 S.W.3d 418, 423 (Mo.App.2010).

case is committed to initial determination by the Labor & Industrial Relations Commission is not a matter of subject matter jurisdiction[.]" *Id.* at 476. It went on to abrogate any cases holding otherwise, finding that such cases confused subject matter jurisdiction, which is governed by article V, section 14 of Missouri's constitution, with statutory or common-law authority. *Id.* at 477.

Shortly thereafter, immediately preceding the hearing on Defendants' motion to dismiss on January 5, 2010, Plaintiffs filed "Supplemental Suggestions in Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction[,]" in which Plaintiffs noted the *McCracken* decision, *inter alia.* Plaintiffs also focused on the 2005 amendment of the workers' compensation statutes, and in particular noted the insertion of a "strict construction" mandate.

Following argument from both parties, as well as presentation of evidence by Defendants, the trial court took the matter under advisement. Defendants filed a "Memorandum in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdicition [sic]" on February 8, 2010. Defendants argued that *McCracken* was not applicable because the decision was to be applied prospectively, i.e., only to cases filed after October 27, 2009. Defendants went on to argue that they were not co-employees of Decedent but were her employers as defined by the workers' compensation statutes, and as such were entitled to the exclusivity protection afforded by those statutes.

The trial court entered its judgment on July 14, 2010. Finding Defendants' "Motion to Dismiss ... well taken" and that the workers' compensation law "is the exclusive remedy for the Decedent and [Plaintiffs][,]" the trial court dismissed Plaintiffs' petition with prejudice for lack of subject matter jurisdiction. This appeal timely followed.

### Standard of Review

■■■ Dismissal of a case for lack of subject matter jurisdiction is appropriate "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction." Rule 55.27(g)(3).[3] Where "the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed de novo." *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n,* 102 S.W.3d 10, 22 (Mo. banc 2003). "Lack of subject matter jurisdiction is not subject to waiver" and can be raised at any time. *McCracken,* 298 S.W.3d at 476. Contrarily, procedural matters articulated in statutes or rules, or affirmative defenses such as those listed in Rule 55.08, are generally considered waived if not raised in a timely manner. *Id.* (citations omitted).

### Analysis

■■ In their sole point relied on, Plaintiffs claim that

[t]he circuit court erred in dismissing the petition with prejudice *because* the Defendants are individual employees not entitled to the exclusivity protection of Mo.Rev.Stat. § 287.120.1 *in that* the exclusivity protection is given only to the employer by the express terms of the statute, and the Defendants do not fall under the statutory definition of employer found in Mo.Rev.Stat. § 287.030.1(1), and the provisions of Chapter 287 must be strictly construed per Mo. Rev. Stat § 287.800.

The bulk of Plaintiffs' argument on this point focuses on the trial court's classification of Defendants as "employers" as de-

---

**3.** References to rules are to Missouri Court Rules (2011).

fined by the statute; Plaintiffs do, however, cite to our Supreme Court's decision in *McCracken*, 298 S.W.3d 473, as an indication of "the new direction Missouri courts are going in applying the workers' compensation act." Plaintiffs state that, because the decision in *McCracken* was issued after the underlying claim in this case was filed, it cannot be considered binding case law. Defendants concur in this interpretation of the decision in *McCracken*. We disagree and find, under the holding in *McCracken*, the trial court has subject matter jurisdiction to hear this case.

In *McCracken*, our Supreme Court noted that, until the 1980s, Missouri courts treated the exclusivity provision of the workers' compensation law as an affirmative defense. *Id.* at 478. As an affirmative defense, it must have "been pleaded and proved in a responsive pleading" by the party claiming its application. *Id.*; Rule 55.08. During the 1980s, however, "sloppy references to a court's authority to proceed as a kind of jurisdictional competence issue" began to appear in Missouri case law, muddling the distinction between subject matter jurisdiction and statutory authority. *McCracken*, 298 S.W.3d at 478. As subject matter jurisdiction cannot be waived, it became acceptable practice to first assert the application of the exclusivity provision and the consequent claim of lack of subject matter jurisdiction well after the period for filing a timely responsive pleading had expired, most often in motions to dismiss. *Id.* at 477.

In overruling this line of cases equating the application of the exclusivity provision with subject matter jurisdiction, the *McCracken* Court "firmly established that the circuit court in which a personal injury claim is filed has the authority to determine whether the claim involves the employer/employee relationship" for the purpose of applying workers' compensation law. *Id.* at 479. Parties desiring to assert the application of the exclusivity provision

in section 287.120 must do so by raising the applicability of the provision as an affirmative defense as provided in Rules 55.08 and 55.27(a). *Id.*

The *McCracken* Court addressed the implementation of its decision upon future cases by stating:

> In cases filed hereafter, failure to timely raise the [exclusivity provision's] applicability as an affirmative defense may constitute a waiver of that defense, just as is the case with other affirmative defenses. Because recent cases erroneously suggested that the [provision's] applicability could be raised by filing a motion to dismiss for lack of subject matter jurisdiction, however, this rule will be applied prospectively only.

*Id.* This much has been recognized by both Plaintiffs and Defendants. Both parties, however, *ignore the remainder of our* Supreme Court's implementation instructions: "In pending cases, courts should treat the matter as preserved if raised in such a motion and should be liberal in permitting amendment to add [the exclusivity provision] to responsive pleadings during the transition back to treating this matter as an affirmative defense." *Id.* at 479–80.

Both parties in the case at bar have mistakenly interpreted *McCracken* to mean that pending personal injury cases—cases that had been filed but not yet decided—at the time of the *McCracken* decision should be decided pursuant to the now-defunct line of cases treating the application of the exclusivity provision as a jurisdictional issue. The implementation language, however, in *McCracken* merely directs lower courts in pending cases to treat such motions as having preserved the applicability of the exclusivity provision as an *affirmative defense and to allow* parties to amend their pleadings to reflect that defense. *See Thompson v. Rockett,* 313 S.W.3d 175, 179 (Mo.App.2010).

Nothing in *McCracken* indicates or supports that a trial court in a pending case lacks subject matter jurisdiction where that defense is asserted. To the contrary, our Court has expressly held that *McCracken* stands for the proposition that a trial court has subject matter jurisdiction in such a pending case, *State ex rel. Dolgencorp, Inc. v. Sharp*, 315 S.W.3d 359, 361 (Mo.App.2010), and has reversed dismissals for lack of subject matter jurisdiction in such pending cases. *See Treaster v. Betts*, 324 S.W.3d 487, 491 (Mo.App. 2010); *Fortenberry v. Buck*, 307 S.W.3d 676, 679 (Mo.App.2010). Accordingly, in the case at bar, Defendants' motion to dismiss for lack of subject matter jurisdiction served to preserve the exclusivity provision in section 287.120 as an affirmative defense and nothing more. The trial court had subject matter jurisdiction to hear this claim. *See McCracken*, 298 S.W.3d at 477. Therefore, its dismissal based upon the legal conclusion that it did not was in error.

### Decision

The trial court's judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.[4]

BARNEY, P.J., and BURRELL, J., concur.

---

4. In *McCracken*, after abrogating the case law discussed *supra*, our Supreme Court ultimately analyzed and decided the case on the merits of the appellant's argument as to whether Wal–Mart could be considered his statutory employer. *McCracken*, 298 S.W.3d at 480–81. Such analysis was appropriate because the parties in *McCracken* consented to treating the motion to dismiss as a motion for summary judgment. *See id.* at 479 n. 8; *see also Crede v. City of Oak Grove*, 979 S.W.2d 529, 532 (Mo.App.1998). There has been no such consent in the case at bar, as the trial court confirmed during the hearing and as counsel for Plaintiffs confirmed during oral argument. Thus, the underlying material facts are disputed by the parties, and the factual record has not yet been developed. *See Fortenberry*, 307 S.W.3d at 679.