**In the Interest of J.D.P.**

**No. ED 99526.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 13, 2013.

Karen Dill Siegel, Saint Louis, MO, for appellant.

Loretta L. Wofford, Saint Louis, MO, for respondent.

Cristen A. Sargent, Saint Louis, MO, Guardian ad Litem for J.D.P.

## OPINION

GLENN A. NORTON, Judge.

J.P. ("Father") appeals the judgment terminating his parental rights to J.D.P. We affirm.

## I. BACKGROUND

J.D.P. was born on March 7, 2011, and Father was subsequently determined to be J.D.P.'s parent through paternity testing. J.D.P. was placed into the custody of the Missouri Department of Social Services, Children's Division ("Children's Division") on March 18, 2011. Father was incarcerated at the time of J.D.P.'s birth and remained incarcerated at the time J.D.P. came into the custody of the Children's Division.

On May 2, 2011, the trial court entered an order requiring Father to complete a number of court-ordered services to be reunified with J.D.P., including: (1) the obtainment and maintenance of financial stability or regular employment; (2) the obtainment and maintenance of appropriate housing; (3) submission to drug testing; (4) enrollment in and successful completion of an approved substance abuse assessment; (5) attendance at no less than two meetings per week of a twelve-step program; (6) enrollment in and successful completion of parenting skills training; (7) submission to psychological and parenting evaluations; and (8) visitation with J.D.P. at mutually convenient times.

On August 14, 2012, a petition to terminate Father's parental rights was filed. Father remained incarcerated at the time of the termination of parental rights proceedings. During Father's incarceration, J.D.P. was unable to visit Father due to medical issues, Father made no telephone contact with J.D.P., and Father sent no money, letters, cards, or gifts to J.D.P. At the time of the termination hearing, Father had pending charges for unlawful use of a weapon and still needed to complete many of the court-ordered services required for reunification.

Subsequently, the trial court terminated Father's parental rights pursuant to sec-

tion 211.447.5(2) RSMo Supp.2012[1] (abuse or neglect), section 211.447.5(3) (continuous conditions of a harmful nature), and section 211.447.5(6) (unfitness). The court further found that termination of Father's parental rights was in the best interest of J.D.P. Father appeals.

## II.  DISCUSSION

### A.  Termination of Father's Parental Rights under Section 211.447.5(6)

■ Father raises three points on appeal. In his first two points on appeal, Father argues that the trial court erred in terminating his parental rights to J.D.P. under sections 211.447.5(2) and 211.447.5(3). In Father's third point on appeal, he argues that the trial court erred in terminating his parental rights to J.D.P. pursuant to section 211.447.5(6). Only one articulated statutory ground under section 211.447.5 is sufficient to support termination of parental rights if properly proved. *In re P.L.O.*, 131 S.W.3d 782, 789 (Mo. banc 2004). As set out below, we find that the evidence supports a finding that grounds existed for termination under section 211.447.5(6). Therefore, we need not reach Father's first or second points on appeal regarding sections 211.447.5(2) and 211.447.5(3).

### 1.  Standard of Review and Statutory Ground for Termination

■ We will affirm a trial court's judgment terminating parental rights unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re S.M.H.*, 160 S.W.3d 355, 362 (Mo. banc 2005). "As a practical matter, this means the judgment will be reversed only if we are left with the firm belief that the [decision] was wrong." *Id.* (internal quotation omitted). An appellate court defers to the trial court's ability to judge the credibility of the witnesses and will review conflicting evidence in the light most favorable to the trial court's judgment. *In re K.A.W.*, 133 S.W.3d 1, 11–12 (Mo. banc 2004).

■ A trial court's termination of parental rights is an exercise of an "awesome power" and "[t]he constitutional implications of a termination of parental rights also inform the standard of appellate review." *Id.* at 12; *In re S.M.H.*, 160 S.W.3d at 362 (internal quotation omitted). Because a parent's right to raise his or her child is a fundamental liberty interest protected by the constitutional guarantee of due process, an appellate court must closely examine the trial court's findings of fact and conclusions of law. *In re K.A.W.*, 133 S.W.3d at 12. Accordingly, statutes providing for the termination of parental rights "are strictly construed in favor of the parent and preservation of the natural parent-child relationship." *Id.*

■ Section 211.447.5(6) permits a trial court to terminate parental rights when clear, cogent, and convincing evidence indicates that, *inter alia:*

> The parent is unfit to be a party to the parent and child relationship because of . . . specific conditions directly relating to the parent and child relationship either of which are determined by the court to be of a duration or nature that renders the parent unable, for the reasonably foreseeable future, to care appropriately for the ongoing physical, mental or emotional needs of the child.

*See* section 211.447.6 (permitting the trial court to terminate parental rights to a child when it appears by clear, cogent, and convincing evidence that grounds for termination under section 211.447.5 exist).

1.  All further statutory references are to RSMo Supp.2012.

"Clear, cogent, and convincing evidence" is described as "evidence that instantly tilts the scales in favor of termination when weighed against the evidence in opposition and the finder of fact is left with the abiding conviction that the evidence is true." *In re S.M.H.*, 160 S.W.3d at 362.

Here, the trial court terminated Father's parental rights under section 211.447.5(6), finding that Father was unfit to be a party to the parent-child relationship and would remain unfit for the reasonably foreseeable future. The trial court's specific findings regarding Father's unfitness are discussed below.

## 2. The Trial Court's Judgment was Supported by Clear, Cogent, and Convincing Evidence

██ In his third point on appeal, Father argues that the trial court's finding that he was unfit to be a party to the parent-child relationship under section 211.447.5(6) was not supported by clear, cogent, and convincing evidence. Specifically, Father asserts that the trial court improperly presumed Father was unfit solely due to his incarceration. *See* section 211.447.7(6) (providing that "incarceration in and of itself shall not be grounds for termination of parental rights").

However, the record in this case demonstrates that Father's incarceration was not in and of itself the grounds for termination of Father's parental rights. Rather, the trial court found that Father was unfit to be a party to the parent-child relationship based on evidence of: (1) Father's complete lack of contact with J.D.P.; (2) the inability of J.D.P. to be returned to Father within an ascertainable amount of time; and (3) the absence of a bond between Father and J.D.P. combined with an inability to determine when such a bond could be established. As discussed below, these findings were supported by substantial evidence which collectively constitutes clear,

cogent, and convincing evidence to support termination of Father's parental rights under section 211.447.5(6).

██ First, there was substantial evidence that Father never had any contact with J.D.P. Specifically, Father failed to make telephone contact with J.D.P. or send any letters, cards, or gifts to J.D.P. Additionally, the record indicates that the Children's Division sent eleven letters to Father while he was incarcerated, yet he sent only two letters in response before the petition to terminate parental rights was filed. This evidence of Father's lack of contact with J.D.P. supports termination of his parental rights under section 211.447.5(6) because, while incarceration may not be the sole grounds for termination, "it does not discharge a parent's obligation to provide the child with a continuing relationship through communication." *T.W.C. v. Children's Div. of Div. of Social Services*, 316 S.W.3d 538, 541 (Mo. App.W.D.2010); *Cf. In re Z.L.R.*, 347 S.W.3d 601, 608 (Mo.App.S.D.2011) (terminating parental rights under section 211.447.5(6) despite an incarcerated father's attempts to forge a relationship with his child through telephone calls, cards, and letters).

Secondly, substantial evidence supports the trial court's finding that the return of J.D.P. to Father could not occur within an ascertainable amount of time. As found by the trial court, it was "not clear that [Father was] getting out of prison soon because there [were] pending [unlawful use of a weapon] charges against him." Further, the record indicates that Father had yet to complete many of the court-ordered services required for reunification and Father expressed that obtaining housing or employment following his release from prison would take time. This evidence that reunification could not occur

within an ascertainable amount of time supports termination of Father's parental rights under section 211.447.5(6). *See* section 211.447.5(6) (a parent may be found to be unfit if he or she is "unable, *for the reasonably foreseeable future,* to care appropriately for the ongoing physical, mental or emotional needs of the child" (emphasis added)); *See* section 211.443(3) (instructing a court to consider the "entitlement of every child to a permanent and stable home" in termination of parental rights proceedings).

Finally, the trial court found that a bond between Father and J.D.P. did not exist and it was "impossible to know when and if a bond between the child and [Father] can be established." This finding is supported by the evidence set out above regarding Father's complete lack of contact with J.D.P. and the inability of J.D.P. to be returned to Father within an ascertainable amount of time. Because creating and nurturing a parent-child bond is a "lengthy and uncertain process," allowing the time it would take for Father to establish a bond with J.D.P. following his release would "fl[y] in the face of the established goal of finding a stable, permanent home for [the child] as quickly as possible." *In re Z.L.R.*, 347 S.W.3d at 609. As previously indicated, the record demonstrates that Father had no relationship with J.D.P., had made no attempt to contact J.D.P., and had made very little progress in completing the court-ordered services necessary for reunification. *Cf. id.* (terminating parental rights under section 211.447.5(6) because, even *despite* efforts to foster the

parent-child relationship during the parent's incarceration, the "creation and nurturing of [a parent-child] bond would simply take too long, if such a bond could be forged at all"). The time it would take for Father to establish a bond with J.D.P. following his release, if such a bond could even be established, further supports a finding that he was "unable, for the reasonably foreseeable future, to care appropriately for the [child's] ongoing physical, mental or emotional needs." Section 211.447.5(6). Therefore, evidence of the absence of a bond between Father and J.D.P. combined with an inability to determine when such a bond could be established supports termination of Father's parental rights under section 211.447.5(6).

Based upon the collective evidence set out above, we hold that the judgment of the trial court terminating Father's parental rights under section 211.447.5(6) was supported by clear, cogent and convincing evidence.[2] Further, we are not left with the firm belief that the trial court's decision was wrong. Point three is denied.

### III. CONCLUSION

The judgment terminating Father's parental rights to J.D.P. is affirmed.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.

---

2. Section 211.447.6 allows a trial court terminate a parent's parental rights "if the court finds that the termination is in the best interest of the child *and* when it appears by clear, cogent and convincing evidence that grounds exist for termination." (emphasis added). Because Father does not argue on appeal that termination was not in J.D.P.'s best interests,

that issue has been abandoned and we will not address it. *See Treaster v. Betts,* 324 S.W.3d 487, 491 (Mo.App.W.D.2010) (("a question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case") (internal quotation omitted)).